**CAMP et al. v. GOODMAN.**
**No. 376.**

Municipal Court of Appeals for the District of Columbia.

June 5, 1946.

·Irving Wilner,· of Washington, D. C. (Edward A. Aaronson, of Washington, D. C., on the brief), for appellants.

Rudolph H. Yeatman, Jr., of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, ,and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiffs, as landlords, sued defendant, as tenant, for possession of certain business property, and from a judgment in favor of the tenant they have appealed.

The premises in question, a store, together with the two upper floors, were leased by one Baxter to one Berman for a period of four years at a rental payable $125 per month. The lease contained a provision that the property should be used "for the sale of luggage and for no other purpose whatsoever." The lease also provided that Berman had the right to sublet all or a portion of the leased premises, on condition that Berman should remain responsible for the payment of the rent "and

for the performance of all the covenants, conditions and agreements contained herein." Berman used the premises for sale of luggage for approximately twenty months, and then for approximately nine months used it for storage purposes. He sublet the second floor to an individual who used it for living quarters and for the practice of palmistry. He also sublet the store for a short period to two individuals for office purposes.

On March 21, 1945, when his lease had approximately seventeen months to run, Berman sublet the store to Goodman, defendant in the present case, for a term of one year with an option to renew for five months, at a rental payable $175 per month. The lease to Goodman contained the following provision:

"That he will use said premises as and for a Pawnbrokers' Exchange and Second Hand Dealer, and for no other purposes whatsoever, and that his stock of luggage and leather goods shall at no time exceed fifteen percent of his entire stock on hand computed at wholesale cost."

Baxter, Berman's landlord, had knowledge of the subletting to Goodman, knew the nature of the business conducted by Goodman, inferentially approved it, and continued to accept rent from Berman. About six months after the making of Goodman's lease, the plaintiffs in this case purchased the property containing the premises in question. Baxter's interest in the lease to Berman was assigned to plaintiffs, and, though the record does not show by what method, it is evident from plaintiffs' later actions that they also acquired Berman's interest in his sublease to Goodman.

Prior to acquiring the property plaintiffs had visited it and inspected the store occupied by Goodman and were aware of the business being conducted by him. On October 1, 1945, Goodman's first rent day after plaintiffs' purchase of the property, plaintiffs went to the store and demanded and received rent from Goodman for the month of October. When the November rent was tendered by Goodman, plaintiffs refused to accept it and brought the present action for possession on the ground that Goodman was using the premises contrary to the use limited in the original lease to Berman.

Appellants' contention is that the lease to Berman restricted the use of the store to the sale of luggage, that this restriction applied to Goodman, a subtenant of Berman, and that the use of the property by Goodman as a pawnbroker's exchange and second-hand dealer was a violation of the lease; that a covenant restricting the use of property is a continuing covenant and the use of property in violation of such a covenant is a continuing breach; and that acceptance of rent by the landlords with knowledge of the violation did not constitute a waiver of the covenant.

Undoubtedly Goodman was charged with notice of the existence of the lease to Berman and was bound by its terms and conditions. Cesar v. Virgin, 207 Ala. 148, 92 So. 406, 24 A.L.R. 715; Pedro v. Potter, 197 Cal. 751, 242 P. 926, 42 A.L.R. 1165. By his lease from Berman, Goodman could acquire no greater right than Berman. But a restriction as to use, like a covenant against assigning or subletting, is for the benefit of the lessor who may enforce it or waive it. Baxter, the original lessor, did not see fit to enforce the restriction. For six months after Goodman commenced use of the premises, Baxter with full knowledge of the use made no objection and accepted rent from Berman. Goodman's use, while contrary to the restriction in Baxter's lease to Berman, was not an unlawful use and it may well be that Baxter by his course of conduct estopped himself to insist on enforcement of the restriction. However, it is not necessary for us to decide that, nor if he were so estopped whether that estoppel carried over to the plaintiffs as successors in title to Baxter.

Regardless of Baxter's conduct, we think the plaintiffs by their own conduct are without standing to enforce the restriction in the Berman lease. Plaintiffs acquired title to the property and also acquired the outstanding term held by Berman. This term for years merged with the title to the property; but Berman could not by his acts in surrendering or selling

his term for years prejudice the rights of Goodman. Goldberg v. Tri-States Theatre Corporation, 8 Cir., 126 F.2d 26; Shaw v. Creedon, 133 N.J.Eq. 397, 32 A.2d 721. Goodman's lease stood. Plaintiff with knowledge of this lease demanded and received rent from Goodman. They did not demand the rent of $125 due under the Berman lease but the rent of $175 called for by Goodman's lease. They thereby asserted that they were landlords of Goodman and that he was their tenant under the lease which provided for $175 per month rent. The same lease, however, which required Goodman to pay rent of $175 per month also gave him the right to use the store as a pawnbroker's exchange and second-hand dealer, the use of which plaintiffs now complain. Plaintiffs cannot insist on enforcing one provision of the lease and then eject the tenant for complying with another provision of the same lease. When plaintiffs went to the store and demanded and received from Goodman the rent called for by his lease, they recognized and ratified that lease. Cf. Mars v. Spanos, 78 U.S.App.D.C. 230, 139 F.2d 369; Anderson v. Connor, 43 Misc. 384, 87 N.Y.S. 449; Willoughby v. Lawrence, 116 Ill. 11, 4 N.E. 356, 56 Am.Rep. 758. Once having ratified the lease and accepted Goodman as their tenant under it, plaintiffs cannot thereafter refuse to recognize the lease and all its provisions.

Affirmed.