Nina JONES, Appellant,

v.

UNION AUTOMOBILE INDEMNITY AS-SOCIATION OF BLOOMINGTON, IL-LINOIS, a corporation, Appellee.

No. 6505.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1961.

Pat Warnick, Wichita, Kan. (Alan B. Phares, Wichita, Kan., was with him on the brief), for appellant.

Malcolm Miller, Wichita, Kan. (George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, and Gerald Sawatzky, Wichita, Kan., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a declaratory judgment action with jurisdiction based on diversity. Appellee, Union Automobile Indemnity Association, herein referred to as insurer, sued appellant Jones and others to determine its liability under an automobile policy issued to one Smith for claims arising from a rear-end collision between the Smith car, driven by one Davis, and the car of one Hurd in which Jones was a passenger. The trial court held there was no liability and Jones appeals.

The insurer's policy covered the named insured, Smith, and "any other person using such automobile, provided the actual use thereof is with the permission of the named insured." The first question is whether there was sufficient evidence to sustain the lower court's finding that at the time of the accident Davis had no permission, express or implied, to use the automobile of Smith, which was covered by the policy of the insurer.

Smith was a sales crew manager for a magazine subscription company and Davis was a salesman working under him. On the day of the accident Smith gave Davis permission to take the car to an area where Davis was to solicit subscriptions with the understanding that Davis was to return the car to a place known as the Key Club at noon. This was the first occasion on which such authority had been given to Davis. Davis later returned the car and notified Smith that he had done so. Shortly thereafter Davis met a drinking companion and offered to take him to a nearby Air Force base where he was stationed. For this purpose Davis took Smith's car without asking permission. En route Davis and his companion obtained and consumed more whiskey. When returning from the air base and at a four-way stop intersection, Davis collided with the rear of the Hurd car injuring Jones and Mrs. Hurd. At the trial, Smith testified that Davis had no permission to drive the car. Davis, who could not be located and did not testify, gave conflicting statements to investigating police officers and the insurance adjuster.

This case does not involve a deviation from a permitted use[1] but rather a use which had no connection with the business in which Smith and Davis were engaged and which was for a personal journey of Davis of which Smith had no knowledge and to which Smith had not assented.[2] There is substantial evidence to sustain the finding of the trial court. Under Rule 52(a), F.R.Civ.P., 28 U.S.C.A., and our many decisions applying that rule, such finding may not be set aside unless clearly erroneous. The record here convinces us that the finding was correct and must be upheld.

Jones contends that the insurer, by waiver and estoppel, has lost its right to deny coverage and assert the defense of non-permissive use. The basis for the claim of waiver and estoppel is that an adjuster for the insurer called on the Hurds, discussed the accident with them, and offered to transmit an offer of settlement if they cared to make one.

1. Cf. Fisher v. Firemen's Fund Indemnity Company, 10 Cir., 244 F.2d 194, 196.

2. Cf. Horn by and through Godwin v. Allied Mutual Casualty Company, Des Moines, Iowa, 10 Cir., 272 F.2d 76, 79–80.

The adjuster also called on Jones at the hospital where she was confined but did not discuss the accident with her because of her condition. These visits with the Hurds and with Jones occurred before the adjuster had talked to either Smith or Davis and at a time when neither the adjuster nor the insurer knew of the non-permissive use. Later the insurer obtained non-waiver agreements from Smith and Davis and proceeded with its investigation.[3] The court below correctly held there was no waiver or estoppel. In Kansas, a non-waiver agreement bars a claim of waiver or estoppel of a policy defense.[4] The actions of the adjuster prior to the execution of the non-waiver agreements did not change the situation. At that time neither he nor the insurer knew of the defense now asserted. The only ground claimed to justify estoppel is waiver and the principle of waiver only applies when a party in full possession of the facts relinquishes a known right.[5] Here the insurer did not know of the defense at the time of the acts claimed to sustain the waiver.

■ Error is predicated on the action of the trial court in refusing to permit Jones to testify and in rejecting an offer of proof as to her testimony. The court denied Jones the right to testify because she was not named on witness lists that apparently had been exchanged pursuant to pre-trial proceedings. This ruling was wrong. If there were pre-trial proceedings, and the record does not disclose such proceedings, no pre-trial order was entered as required by Rule 16, F.R.Civ. P. Absent such an order the exchange of witness lists does not limit the number of witnesses or act as a bar to the testimony of a witness not named thereon. If pre-trial is to be used for such a purpose there must be a pre-trial order. The ruling was further erroneous because at the opening of the trial, and apparently without objection or request for continuance, the court permitted an amendment to the answer raising the defense of estoppel. To permit such amendment and then to refuse to hear a witness called to testify in regard thereto is inconsistent. The injection of the new issue would have a bearing on the applicability of previously prepared witness lists. We suggest that a proper pre-trial would have resulted in a definition and limitation of issues and prevented the assertion of a new issue on the day of trial.

■ Erroneous as these rulings were, no harmful or prejudicial error resulted. The offer of proof was that the adjuster called on Jones in the hospital, talked to her briefly, was courteous, saw that she was in bad shape and left.[6] The call was made prior to knowledge of the non-permissive use by Davis. Assuming that the witness had been called and had testified in full accord with the offer, such testimony could not have affected the outcome of the case because at the time the insurer did not know of the defense of non-permissive use. The error did not affect the substantial rights of the parties and, under Rule 61, F.R.Civ.P., must be disregarded.

Affirmed.

3. The non-waiver agreements authorize the Insurer to investigate, negotiate, and do all other things it deems necessary to protect its own interests and the interests of the insured without losing any rights under the policy.

4. Fisher v. Firemen's Fund Indemnity Co., supra, 244 F.2d at page 196, and Kansas cases there cited.

5. Marett v. World Fire & Marine Ins. Co. of Hartford, Conn., 160 Kan. 125, 160 P.2d 664, 672; State Farm Mutual Automobile Insurance Company v. Fred

Petsch & Son, 10 Cir., 261 F.2d 331, 334–335.

6. The offer was this: "Now, if the Court please, I would like again to ask permission to put Mrs. Jones on, who is a party defendant to this action. And offer her testimony to the effect that Mr. Rogers [the adjuster] called upon her, talked to her, and was very courteous, discussed the matter very briefly with her, told her why he was there and saw that she was in bad shape and then left."