Esther EDEN, Sidney Brown, Sarah Brown, Appellants,

v.

Morris ABRAMS, Rose Abrams, Appellees.

No. 4649.

District of Columbia Court of Appeals.

Argued July 15, 1969.

Decided Dec. 2, 1969.

Herman Miller, Washington, D.C., for appellants.

Mark P. Friedlander, Washington, D.C., with whom Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D.C., Harry P. Friedlander and Marshall H. Brooks, Washington, D.C., were on the brief, for appellees.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

KELLY, Associate Judge:

Hedin Construction Corporation, owner of premises 2900–2904 Newton Street, N. E., sold the property to another and reserved in the deed the right to occupy a portion of the premises rent free for a period of three years beginning on April 26, 1961. When the property was subsequently resold to appellees Morris and Rose Abrams (hereinafter Abrams), they took title to the property subject to the reservation. However, when Abrams later resold the property to Esther Eden, nominee for appellants Sidney J. and Sarah Brown (hereinafter Brown), the deed was absolute, with no mention made of Hedin's reservation of a right of occupancy.

In conjunction with the sale by Abrams to Brown, the first floor of premises 2900 Newton Street, N. E., which included the offices occupied by Hedin, was leased back to Abrams at a monthly rental of $800 for a period of six and one-half months, the lease expiring simultaneously with the termination of Hedin's reservation. Again, no mention was made of the reservation, although the lease covered the area occupied by Hedin. At the termination of the lease, Abrams vacated the portion of premises he occupied but Hedin remained for two months beyond the expiration of the lease and the reservation. Brown sued Abrams for two months' rent on the theory that Hedin was a subtenant, and sued both Abrams and Hedin for alleged damages to the property. Hedin, in turn, cross-claimed against Abrams and counterclaimed against Brown for conversion of certain of its personal property stored in the basement of the building. The trial court directed a verdict for Hedin at the close of Brown's case, and Hedin then withdrew both the cross-claim and the counterclaim. A trial finding was entered for Abrams at the close of all the evidence and Brown appeals.[1]

At trial, over objection, parol evidence was introduced regarding discussions had by Brown and Abrams about the Hedin reservation prior to executing the contract of sale and the lease. Brown assigns the admission of this evidence as error but we need not discuss this claim in view of our holding that the court was incorrect in absolving Abrams of liability for the rent.[2]

The contract of sale of the property from Abrams to Brown provided that

The sellers and the purchaser will execute a lease, with the sellers as tenants and the purchaser as the landlord, for premises consisting of the entire office space at 2900 Newton Street, N. E., containing approximately four thousand (4,000) square feet. The lease will expire on May 1, 1964, and the sellers as tenants will pay the monthly rental of Eight Hundred Dollars ($800.00) for said space. This payment will be made on the 1st day of each and every month, with the right in the tenant to sublease or assign said space.

These same terms were contained in the lease agreement subsequently executed; neither document making reference to Hedin's reservation of a right to occupy a portion of the premises rent free. By the terms of the lease Abrams rented the entire floor, including the space occupied by Hedin,[3] and agreed in the lease to surrender

---

1. Hedin has been dismissed as a party to this appeal.

2. No error is alleged as to the court's finding on the issue of damages.

3. Abrams also sublet offices to two attorneys from whom he collected $400 of the $800 rent he was obligated to pay.

the complete possession of the entire floor at its termination. The precise reason for handling the sale of the property in this manner is unexplained other than that it was a way to "avoid as much complications as possible". Apparently, some adjustment had to be made in the sale price to cover the loss to Brown for rent for that portion of the premises occupied by Hedin. Nevertheless, for whatever reason, Abrams knowingly agreed in writing to take on the added responsibility of relinquishing the space covered by the Hedin reservation at the expiration of the lease. Having done so, Abrams is liable to Brown for failure to fulfill the terms of the lease in the same manner as any tenant who fails to surrender possession when the lease terminates.[4]

The agreed monthly rental under the lease was $800 and of that sum $400 per month was paid to Brown by the two attorneys who sublet from Abrams for the two months in question here. Accordingly, Brown is entitled to recover from Abrams the difference of $400 each month, a total of $800.[5]

Reversed with instructions to enter judgment for appellants in the sum of $800.

---

4. Hampton v. Mott Motors, Inc., D.C. Mun.App., 32 A.2d 247, 248 (1943).

5. This is not a case for double rent under D.C.Code 1967, § 45–907.