MICHAEL R. FORMENTO *et al.*, Plaintiffs-Appellants, v. EDWARD T. JOYCE *et al.*, Defendants-Appellees.

Second District   No. 2—87—0653

Opinion filed April 15, 1988.

430

Law Office, of Kurt A. Carlson, of Glen Ellyn (Kurt A. Carlson, of counsel), for appellants.

Roger K. O'Reilly, of O'Reilly, Cunningham, Norton & Mancini, of Wheaton (Patricia L. Argentati, of counsel), for appellees Edward T. Joyce, Gerald E. Kubasiak, James E. Dahl, Edward T. Joyce, Ltd., Richard J. Cremieux, and Joyce & Kubasiak, P.C.

Law Offices of George E. Krippner, P.C., of Geneva (Kathleen M. Krippner, of counsel), for appellees James P. Chapman and James P. Chapman, Ltd.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiffs, Michael R. Formento and Karin E. Formento, filed suit in the circuit court of Du Page County against defendants, various attorneys and law firms, seeking damages allegedly arising out of defendants' representation in an underlying class action suit. Following the trial court's granting of summary judgment in favor of defendants, plaintiffs moved for reconsideration and to amend their complaint. The trial court denied plaintiffs' motions, and this appeal followed.

The issue raised in this appeal is whether the trial court correctly ruled, as a matter of law, that defendants owed no duty to plaintiffs as unnamed members of an uncertified class action suit.

Defendants represented several individuals in a class action lawsuit arising out of the purchase of property located in the Bahamas (hereinafter Bahamas litigation). The suit was originally filed in the circuit court of Cook County in 1976, was dismissed for failure to state a cause of action pursuant to the class action defendants' motion, and later was reinstated on appeal. See *Anderson v. Grand Bahama Development Co.* (1978), 67 Ill. App. 3d 687, 384 N.E.2d 981.

Following remand to the circuit court, several events occurred. On April 10, 1981, the named class action plaintiffs moved for leave to file an amended complaint in which they sought to add numerous plaintiffs and to withdraw all class action allegations. The trial court granted the named class action plaintiffs' motion. Additionally, the trial court, pursuant to a settlement agreement entered into by the parties on April 10, 1981, dismissed the case.

The settlement agreement provided that the named plaintiffs in the suit receive, among other things, certain refunds as well as warranty deeds to the various parcels of property at issue in the case. Additionally, the named class action plaintiffs' attorneys (defendants in this case) received $100,000 for litigation expenses and fees. Furthermore, the agreement required plaintiffs' attorneys therein to "dismiss with prejudice the above entitled action and all other actions now pending." Finally, the named class action plaintiffs' attorneys, by the terms of the agreement, agreed not to represent or advise any other party in connection with any claim or action based upon any claim made in the Bahamas litigation. The Bahamas litigation was never certified as a class action, nor does the record indicate any at-

tempt by the attorneys to have the class action certified. As a result, no notice was ever sent or published informing any unnamed class members of the pendency of the action or of the proposed settlement.

Plaintiffs in this case were also involved in the purchase of land from the defendants named in the Bahamas litigation. They were not, however, included as named plaintiffs in the Bahamas litigation.

Plaintiff Michael R. Formento, in his discovery deposition, stated that he did not learn of the Bahamas litigation until December 1981. Subsequent to his learning of the Bahamas litigation, Formento telephoned the law firm of Joyce & Kubasiak, P.C., to request their representation in plaintiffs' dealings with their Bahamas land transaction. Pursuant to that conversation, plaintiffs sent defendants Joyce & Kubasiak, P.C., various materials related to the land transaction. Following the initial telephone conversation and correspondence, there apparently were several letters sent back and forth between plaintiffs and defendant Joyce & Kubasiak, P.C. According to Formento, he received no information from Joyce & Kubasiak, P.C., regarding the Bahamas litigation other than that the case had been settled.

Michael R. Formento also stated in his deposition that he never discussed legal fees with defendant Joyce & Kubasiak, P.C., nor did he discuss any contract for legal services, nor did he ever pay any fees to any of the individual defendants, Joyce, Kubasiak, Cremieux, or their law firms. Furthermore, he stated that he never received any legal advice from any of those defendants or their firms. Finally, Formento stated that he had no other contact with any of the defendants either before or after the initial telephone call and subsequent written correspondence.

Mr. Edward T. Joyce, the managing partner of defendant Joyce & Kubasiak, P.C., stated in his affidavit that neither he nor anyone associated with defendants, Joyce, Ltd., or Joyce & Kubasiak, P.C., were paid or offered a fee, or retained by plaintiffs. He further submitted that none of these defendants rendered or provided any legal service, recommendation, or advice to plaintiffs.

Plaintiffs filed an individual action against the defendants in the Bahamas litigation based on their claims arising out of the Bahamas land transaction. That case remains pending in the circuit court of Cook County.

Plaintiffs eventually filed the instant two-count complaint naming as defendants Edward T. Joyce, Gerald E. Kubasiak, James E. Dahl, Richard J. Cremieux, James P. Chapman, and Martha M. Jenkins, as well as the law firms of James P. Chapman, Ltd., Edward T. Joyce, Ltd., and Joyce & Kubasiak, P.C. Count I alleged that the various

defendants owed plaintiffs "the duties owed by an attorney to his client." Count I further alleged that the defendants breached their duties to plaintiffs in that they negotiated the Bahamas litigation settlement without including plaintiffs; that they obtained a final judgment in the Bahamas litigation knowing that such judgment would or might prejudice plaintiffs; that they had agreed with the defendants in the Bahamas litigation not to represent plaintiffs or assist them, which deprived plaintiffs of any benefits under the settlement agreement; and that they failed to properly inform plaintiffs of facts regarding the Bahamas litigation.

Count II alleged that defendants owed plaintiffs "the duties owed by an attorney to his client." That count further alleged that defendants breached those duties in that they negligently failed to pursue the Bahamas litigation consistent with plaintiffs' interests; that they negligently participated in an order entered in the Bahamas litigation; and that they negligently failed to inform, notify, and disclose to plaintiffs their rights in the Bahamas litigation.

Defendants Joyce, Kubasiak, Cremieux, Edward T. Joyce, Ltd., and Joyce & Kabasiak, P.C., filed a motion for summary judgment. In that motion, these defendants argued that there was no attorney-client relationship in this case in that defendants were never "retained, paid or offered a fee, nor rendered any professional or legal advice or services" to either plaintiff. The summary judgment motion relied on the affidavit of Edward T. Joyce and the deposition of plaintiff Michael R. Formento.

Defendants James P. Chapman and James P. Chapman, Ltd., also filed a summary judgment motion. They, too, argued there was no attorney-client relationship between themselves and plaintiffs and relied on the deposition of plaintiff Michael R. Formento as support.

The trial court granted summary judgment in favor of all defendants. In its opinion letter, the trial court ruled that plaintiffs, as uncertified members of the purported class, could not establish any relationship between themselves and any of the defendants which could give rise to a duty or breach of that duty. Plaintiffs then filed motions to reconsider and to amend their complaint, both of which were denied.

Plaintiffs raise several contentions in this appeal. First, they maintain that defendants owed them a duty as clients. Second, they argue that defendants breached their duty to plaintiffs in that they failed to notify plaintiffs of the potential settlement agreement and failed to obtain plaintiffs' approval of the settlement. Third, they contend that defendants owed them a duty regardless of the fact that the

class was never certified. Fourth, they argue that defendants cannot use their own failure to seek certification of the class as an excuse for breaching their duty to plaintiffs. Fifth, they contend that any questions as to notice under the Illinois class action statute were not properly before the trial court because the only issue raised by defendants' motions for summary judgment was the existence of a duty owed by defendants to plaintiffs. Finally, plaintiffs posit that aside from the legal question of duty, the trial court improperly granted summary judgment because there remained issues of material fact as to whether defendants breached the duty owed to plaintiffs.

Defendants respond in several respects. First, they argue that they owed no duty to plaintiffs because there was no attorney-client relationship between themselves and plaintiffs. Second, they respond that under Illinois law a court has discretion whether to order notice be given to members of a class and the exercise of that discretion will not be disturbed absent abuse. Third, they maintain that, absent certification of the case as a class action, settlement and dismissal of the Bahamas litigation as an individual action was proper. Finally, they argue that plaintiffs suffered no injury as a result of the settlement and dismissal of the Bahamas litigation.

■ The purpose of summary judgment is to determine whether there are any genuine issues of material fact (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867), and it should only be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Although summary judgment is an expeditious method of disposing of a lawsuit, it should only be allowed when the right of the moving party is clear and free from doubt. (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) The court must consider all of the evidence before it and construe it strictly against the movant and liberally in favor of the non-movant. (111 Ill. 2d at 240, 489 N.E.2d at 871.) The reviewing court's function is limited to a determination of whether the trial court correctly ruled that no genuine issue of material fact has been raised, and if none was raised, whether judgment as a matter of law was correctly entered. *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 938, 453 N.E.2d 1133.

Although both parties raise numerous questions in this appeal, the dispositive issue is whether defendants owed a duty to plaintiffs in this case. Neither party cites, nor does research indicate, any case from Illinois or any other jurisdiction addressing the issue of a class

action attorney's duty to unnamed members of the class during the precertification stage of a class action lawsuit. Although plaintiffs in this case cite several Federal cases in support of their contention that defendants owed them a duty (see, *e.g.*, *Parker v. Anderson* (5th Cir. 1982), 667 F.2d 1204; *Magana v. Platzer Shipyard, Inc.* (S.D. Texas 1977), 74 F.R.D. 61; *Yaffe v. Detroit Steel Corp.* (N.D. Ill. 1970), 50 F.R.D. 481), those cases do not address the issue of what duty, if any, an attorney owes to the unnamed members of an uncertified class in a class action lawsuit.

We begin our analysis by first noting the nature of plaintiffs' claims in this case. Plaintiffs' complaint, although comprised of two distinct counts, alleges the same duty owed in both counts. The only difference between the counts is the allegations of wrongdoing by the defendants. Count I alleges various wrongful acts, and count II alleges various negligent acts. Regardless of this difference, both counts allege that defendants, as attorneys, breached a duty owed to plaintiffs. Thus, the nature of both plaintiffs' claims is legal malpractice, and, as such, they must be analyzed accordingly.

■ Although no Illinois court has addressed the issue presented in this case, our supreme court has established the rule governing who may hold an attorney liable in a legal malpractice action. In *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, the supreme court expanded the traditional rule in Illinois that an attorney is liable only to his clients absent privity with a third person. (92 Ill. 2d at 19, 440 N.E.2d at 99.) The court extended the traditional concept of attorney liability to include third parties who were "intended beneficiaries of the relationship between the client and the attorney." (92 Ill. 2d at 20, 440 N.E.2d at 99.) As such, a nonclient must prove that the primary purpose and intent of the attorney-client relationship is to benefit or influence the third party. (92 Ill. 2d at 21, 440 N.E.2d at 100.) More importantly, where the attorney-client relationship is involved in an adversarial proceeding, there must be a "clear indication" that the attorney's representation is "intended to directly confer a benefit upon the third party." (92 Ill. 2d at 23, 440 N.E.2d at 100.) Thus, in order for plaintiffs to establish a duty of care owed to them by defendants in this case, they must establish that either they were clients of defendants or that the primary purpose of the attorney-client relationship between defendants and the named class action plaintiffs was to benefit plaintiffs. *Cf. York v. Stiefel* (1983), 99 Ill. 2d 312, 320, 458 N.E.2d 488.

■ The attorney-client relationship is consensual and arises only when both the attorney and the client consent. (*Torres v. Divis*

(1986), 144 Ill. App. 3d 958, 963, 494 N.E.2d 1227.) A client must manifest his authorization that the attorney act on his behalf, and the attorney must indicate his acceptance of the power to act on the ·client's behalf. 144 Ill. App. 3d at 963, 494 N.E.2d at 1231.

■■ In support of their summary judgment motion, defendants Joyce, Kubasiak, Dahl, Cremiuex, Jenkins, Edward T. Joyce, Ltd., and Joyce & Kubasiak, P.C., relied on the deposition of plaintiff Michael R. Formento and the affidavit of Edward T. Joyce to establish that defendants were not retained, paid or offered a fee, and did not render any legal advice to plaintiffs. Defendants James P. Chapman and James P. Chapman, Ltd., relied on the deposition of Michael Formento to establish that there was never any contact between those defendants and the plaintiffs. This was not contradicted by plaintiffs. This undisputed evidence clearly establishes, as a matter of law, that there was no attorney-client relationship between the plaintiffs in this case and the various defendants.

■■ The next question to be decided under the *Pelham* analysis is whether the primary purpose and intent of the attorney-client relationship between the defendants in this case and the named plaintiffs in the Bahamas litigation was specifically intended to directly benefit the plaintiffs here as unnamed plaintiffs in an uncertified class action. We find that it was not.

A class action suit is designed to allow a representative party to pursue the claims of a large number of persons with like claims. (*Miner v. Gillette Co.* (1981), 87 Ill. 2d 7, 14, 428 N.E.2d 478.) The class action is premised on the inability of a court to entertain the actual appearance of all members of the class as well as the impracticality of individual prosecution of each class member's claim. (87 Ill. 2d at 14, 428 N.E.2d at 482.) A class action is not, however, a mandatory course of action in every case that might otherwise qualify as a class action. The attorney who represents, as his clients, the named plaintiffs in a potential class action has an obligation to those clients to give his undivided fidelity (see 107 Ill. 2d R. 5—107) and represent them zealously within the law (see 107 Ill. 2d R. 7—101). The attorney may or may not choose to pursue an action as a class action for a variety of reasons, all of which presumptively reflect his obligations to his client. The primary purpose of the attorney-client relationship in such a case clearly remains to benefit the client.

Furthermore, in the present case, there is no clear indication that the representation by defendants was intended to directly confer a benefit upon plaintiffs. Rather, the clear indication is to the contrary. Defendants, although originally filing the suit as a class action, never

pursued certification of the class which is necessary to maintain a class action suit. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—801.) Moreover, defendants moved for dismissal of the class action allegations which motion was granted. The act of originally filing a cause of action as a class action suit, without more, cannot be said to clearly indicate an intent to benefit the unnamed members of the purported class. As such, defendants in this case owed no duty to plaintiffs.

Such a decision does not adversely affect the interests of potential members of a class action suit. The Illinois class action statute provides protection to the unnamed members of the class. The trial court is required to determine whether the action may be maintained as a class action pursuant to section 2—802 "[a]s soon as practicable after commencement of an action." (Ill. Rev. Stat. 1985, ch. 110, par. 2—802.) The statute also provides for discretionary notice to be provided to the class "[u]pon a determination that an action may be maintained as a class action, or at any time during the conduct of the action" if the court deems it necessary to protect the class members' interests. (Ill. Rev. Stat. 1985, ch. 110, par. 2—803.) Further, the statute provides for liberal intervention into and exclusion from the class action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—804.) Finally, any action brought as a class action may not be compromised or dismissed without approval of the court, and the court has discretionary power to issue notice of any compromise or dismissal to class members. (Ill. Rev. Stat. 1985, ch. 110, par. 2—806.) Additionally, potential class action plaintiffs may also petition for intervention as individual plaintiffs. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—408.) Thus, unnamed members of a purported class action are not left without legal recourse to protect their interests.

Accordingly, we find that defendants owed no duty to plaintiffs, the unnamed members of an uncertified class action, and affirm the judgment of the circuit court of Du Page County.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.