**N.O.L., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 94-CV-199.

District of Columbia Court of Appeals.

Argued Dec. 14, 1995.

Decided Dec. 20, 1995.

As Amended April 18, 1996.*

Edward L. Norwind, Washington, DC, with whom Caitlin S. Palacios, Arlington, VA, was on the brief, for appellant.

Edward E. Schwab, Assistant Corporation Counsel, with whom Vanessa Ruiz, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before TERRY, SCHWELB, and KING, Associate Judges.

TERRY, Associate Judge:

Appellant, N.O.L., filed this action against the District of Columbia, seeking damages for the District's failure to inform him that his wife, F.L.,[1] had tested positive for the human immunodeficiency virus (HIV), which causes the disease known as AIDS. He alleged that the failure of physicians at Saint Elizabeths Hospital, where his wife was a patient in early 1988, to tell him that she was HIV-positive constituted negligent infliction of emotional distress when her condition was finally made known to him some time later. After a series of rulings on various pre-trial motions, the case went to trial before a jury in January 1994. At the close of the plaintiff's case, the court granted the District's motion for judgment as a matter of law on three alternative grounds. N.O.L. appeals; we affirm.

Briefly summarized, the evidence showed that N.O.L. and F.L. were married in 1982 and separated in October 1987. In December 1987 F.L. was involuntarily admitted to Saint Elizabeths Hospital for treatment of a mental illness. N.O.L. informed the hospital at that time that he and his wife were separated. On January 19, 1988, hospital personnel conducted an HIV test on F.L. About a week later, without waiting for the test results, F.L. told N.O.L. that she had tested negative for HIV. She was released from the

---

* This case was originally decided by an unpublished Memorandum Opinion and Judgment. It is now being published, with minor revisions, upon the granting of appellee's motion for publication.

1. Appellant in his complaint identified himself and his wife only by initials "because of the inflammatory nature of his claim...." The District apparently did not object to his doing so.

hospital soon thereafter, and she and N.O.L. went back to living together and resumed sexual relations. They remained together for about a year, until F.L. moved out again in March 1989. N.O.L. learned some time thereafter (the exact date is in dispute) that in fact F.L.'s test results for HIV were positive. N.O.L. himself, however, has consistently tested negative for HIV since that time.

■■■■ The District urges us to affirm the trial court's judgment on several grounds, but we need not consider more than one. We hold that the District (*i.e.*, its employees at Saint Elizabeths Hospital) owed appellant no duty to disclose his wife's HIV-positive test results.[2] On the contrary, the hospital staff owed a duty to appellant's wife to refrain from disclosing that information to *anyone,* including her husband, without her written consent (or a court order). *See* D.C.Code § 6–117(b)(1) (1995);[3] *see also Diaz Reyes v. United States,* 770 F.Supp. 58, 63 (D.P.R. 1991), *aff'd without opinion,* 971 F.2d 744 (1st Cir.), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992) (Veterans Administration hospital failed to disclose to wife that her husband had AIDS; summary judgment entered for United States in wife's suit for emotional injury because hospital owed wife no duty of disclosure). Information about a person's HIV status is specifically protected from disclosure by D.C.Code § 6–2805 (1995).[4] Indeed, had hospital personnel breached that duty of non-disclosure,

they might have exposed the District to potential tort liability for that breach (although we need not decide this point here). *See Vassiliades v. Garfinckel's, Brooks Brothers, Miller & Rhoades, Inc.,* 492 A.2d 580, 591–592 (D.C.1985).

There being no duty owed by the District to appellant, we hold as a matter of law that the trial court correctly entered judgment for the District at the close of the plaintiff's case. That judgment is accordingly

*Affirmed.*[5]

---

2. The foundation of modern negligence law is the existence of a duty owed by the defendant to the plaintiff. Negligence is a breach of duty; if there is no duty, there can be no breach, and hence no negligence. *See generally Palsgraf v. Long Island R.R.,* 248 N.Y. 339, 162 N.E. 99 (1928).

3. District of Columbia law requires the reporting of certain communicable diseases to public health authorities. D.C.Code § 6–117(b)(1) provides that, with an exception not relevant here, the Commissioner of Public Health shall use the records incident to the case of a disease or medical condition reported under [other statutes] for statistical and public health purposes only, and identifying information contained in these records shall be disclosed only when essential to safeguard the physical health of others. No person shall otherwise disclose or redisclose identifying information derived from these records unless:

(A) The person reported gives his or her prior written permission; or

(B) A court finds, upon clear and convincing evidence and after granting the person reported an opportunity to contest the disclosure, that disclosure:

(i) Is essential to safeguard the physical health of others; or

(ii) Would afford evidence probative of guilt or innocence in a criminal prosecution.

4. Section 6–2805 makes the Preventive Health Services Amendments Act of 1985, of which section 6–117(b)(1) is a part, applicable to "medical records and information on persons with AIDS...."

5. In view of our holding, we do not reach any of the other issues presented on this appeal.