**Dr. Richard GILLESPIE,**
**et al., Appellants,**

**v.**

**James Franklin SCHERR, Noel Gage and**
**Gage, Beach & Ager, Appellees.**

No. 14–97–00479–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 30, 1998.

Order Denying Rehearing and
Clarifying Opinion Feb. 4, 1999.

David M. Gunn, Joseph F. Archer, James C. Ferrell, Houston, for appellant.

Donald M. Hudgins, Michael D. Hudgins, Mary C. Thompson, Houston, for appellee.

Panel consists of Justices ANDERSON, EDELMAN and O'NEILL.

## OPINION

RICHARD H. EDELMAN, Justice.

In this legal malpractice case, appellants[1] appeal a take-nothing summary judgment granted in favor of James Franklin Scherr, Noel Gage, and Gage, Beach & Ager, on the grounds that: (1) appellants had an attorney-client relationship with appellees; (2) appellees breached their fiduciary duty to, and committed fraud against, appellants; (3) appellants were damaged by appellees' actions; and (4) appellants Stewart Stephenson and Richard Ivy had contracts of representation with appellees. We affirm.

### Background

Appellants are chiropractors licensed to practice in Texas. Appellees are two attorneys and a law firm who filed a class action in El Paso (the "class action") on behalf of all chiropractors in Texas against insurance companies who refused or delayed payment of the chiropractors' bills for services to patients. However, the class was never certi-

1. The appellants in this case are: Kathryn Keith–Arden, George Aubert, William Colgin, C.X. Domino, Richard Gillespie, Kurt Griesser, Kenneth N. Huete, Richard Ivy, John P. Johnston, George Junkin, David Niekamp, Odion Ojo, Tracy Sanders, L.S. Stancil, Stewart Stephenson, Ted Stephenson, Gene Chapman, and A. Kent Rice.

fied, and, during the six year period between filing and dismissal of the class action, settlements were entered into and approved for some of the named plaintiffs (the "settling plaintiffs").

Thereafter, other named plaintiffs (the "Beard plaintiffs"), who were left out of the settlements, sued appellees in Harris County for fraud and breach of fiduciary duty. Appellants, who were not named plaintiffs, intervened in that case asserting similar claims, and a separate trial was ordered for their claims. The claims of the Beard plaintiffs were tried in 1995, and the jury rendered a partial verdict in favor of the plaintiffs, but the case was settled before judgment was entered.

In 1996, appellants and appellees filed cross motions for summary judgment in this case. Appellees' motions argued that they had no attorney-client relationship with appellants and that appellants sustained no damage as a result of appellees' actions. The trial court granted appellees' motions and entered a take-nothing judgment against appellants in April of 1997.

### Standard of Review

A summary judgment may be granted if the evidence referenced in the motion or response shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or response. *See* TEX.R. CIV. P. 166a(c). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in favor of the nonmovant. *See American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). When a plaintiff and defendant both move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions pre-

sented, and render such judgment as the trial court should have rendered. *See Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997).

### Implied Duty

■ The first of appellants' four points of error argues that summary judgment was improperly granted for appellees because appellants had an attorney-client relationship with appellees. Appellants contend that appellees' actions in purporting to file a class action on behalf of all Texas chiropractors established an implied attorney-client relationship with all potential class members. Appellants' second point of error argues that summary judgment should have been granted in their favor because appellees breached their fiduciary duty to, and committed fraud against, appellants by failing to seek class certification in a timely manner and by failing to apprise appellants of the settlement and account for and distribute the settlement funds to them.

■ Appellants have cited and we have found no case finding an implied attorney-client relationship to exist before class certification between an attorney who files the class action and any unnamed class members.[2] Appellants urge us to follow federal decisions[3] which, in the context of class certification, recognize the *general* existence of a fiduciary duty to unnamed class members once a class action suit is filed. *See, e.g., In re General Motors Corp. Pick–Up Truck Fuel Tank,* 55 F.3d 768, 801 (3 rd Cir.1995) (stating that class attorneys owe the entire class a fiduciary duty once the class complaint is filed), *cert. denied,* 516 U.S. 824, 116 S.Ct. 88, 133 L.Ed.2d 45 (1995). However, appellants have cited and we have found no decision which has defined the scope of such a duty or addressed it with regard to an actual claim for recovery against an attorney for its breach. Although not cited by either side, the only case we have found in which

---

2. Appellants' reliance on *Bloyed* to support their contention is misplaced because *Bloyed* involved a class action in which the class had been certified. *See General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 952 (Tex.1996).

3. While Texas courts may draw upon the precedents of any federal or state court, they are obligated to follow only higher Texas courts and the United States Supreme Court. *See Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993).

the issue was addressed held that lawyers for named plaintiffs in an uncertified class action owe no duty to unnamed class members. *See Formento v. Joyce*, 168 Ill.App.3d 429, 118 Ill.Dec. 857, 522 N.E.2d 312, 317 (Ill.App.Ct. 1988). Similarly, in Texas, a lawyer's professional duty generally does not extend to persons whom the lawyer never represented, even if the lawyer's work was intended to benefit them. *See Barcelo v. Elliott*, 923 S.W.2d 575, 579 (Tex.1996) (holding that an attorney retained by a testator or settlor to draft a will or trust owes no professional duty of care to persons named as beneficiaries in the will or trust).[4]

■■■■ Moreover, a class action may be maintained as such only by order of the trial court. *See* Tex.R. Civ. P. 42(c)(1). Until a trial court determines that all prerequisites to certification[5] are satisfied, there is no class action, the case proceeds as an ordinary lawsuit,[6] and attorneys for named class members have no authority to represent or otherwise act on behalf of the unnamed class members. Under these circumstances, we decline to hold that named plaintiffs' attorneys owe a precertification duty to unnamed class members. We therefore overrule appellants' first point of error and need not address appellants' second and third points of error concerning breach of duty and existence of damage.

### Contractual Relationship

■■■■ Appellants' fourth point of error argues that the summary judgment evidence created a fact issue as to whether appellants Ivy and Stephenson had an attorney-client relationship with appellee Scherr based on executed contracts of representation. Scherr argues that the summary judgment was proper because: (1) Ivy and Stephenson never pled the existence of an attorney-client relationship based on an express contract; (2) that contention does not appear in their summary judgment response, but only their cross-motion for summary judgment; (3) they did not produce a copy of the contract establishing the relationship; and (4) Ivy and Stephenson suffered no damage as a result of Scherr's actions.

In the absence of a special exception being filed by Scherr, we will construe the pleadings liberally in favor of Ivy and Stephenson and uphold their petition as to a cause of action that may reasonably be inferred from what is stated even if an element of the claim is not specifically alleged. *See Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex.1993). Appellants' third amended plea in intervention makes no mention of any agreements between Scherr, Ivy, and Stephenson or of any other facts suggesting the existence of a contractual relationship. Rather, it alleges liability only on the basis that appellees filed suit "purporting to represent [appellants] in a class action suit." The only reference to a contractual relationship in the plea in intervention is in the paragraph entitled "Damages" which states that, in "addition to their contractual damages and extra-contractual damages," appellants were entitled to recov-

---

4. *Cf. Huie v. DeShazo*, 922 S.W.2d 920, 925–26 (Tex.1996) (holding that the trustee who retains an attorney to advise him in administering the trust, rather than the trust beneficiary, is the attorney's client for purposes of asserting the attorney-client privilege).

5. The prerequisites to maintaining a class action are that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Tex.R. Civ. P. 42(a). These requirements apply equally to settlement classes as to litigation classes. *See Bloyed*, 916 S.W.2d at 954–55.

6. Before certification, suits brought as class actions are governed by rules of procedure applicable to lawsuits generally rather than those specific to class actions. *See America Online, Inc. v. Williams*, 958 S.W.2d 268, 273 (Tex.App.—Houston [14th Dist.] 1997, no writ). Until the trial court certifies a class, a suit brought as a class action is treated as if it were brought by the named plaintiffs suing on their own behalf. *See id.* Thus, potential class members do not have an interest in the litigation unless and until the class is certified. *See, e.g., American Express Travel Related Services Co., Inc. v. Walton*, 883 S.W.2d 703, 707 (Tex.App.—Dallas 1994, no writ) (holding that because the trial judge, who was a cardholder, did not have an interest in the litigation until he certified the class, he was not an interested party at the time he certified the class, and was thus not disqualified to do so).

er pre-judgment and post-judgment damages.

Appellants' motion for partial summary judgment states in part:

> Intervenors [Ivy and Stephenson] had contracts with [appellees]. However, Intervenors believe that [appellees] created an attorney client relationship with all intervenors via their actions. Thus [appellees] owed all Intervenors the duty to perform as ordinary, prudent attorneys, and to exercise that performance in the utmost good faith. Intervenors claims for negligence and for breach of fiduciary duty are by there [sic] very nature based on "violation of a standard imposed, not by agreement, but by societal norms." On a claim for breach of fiduciary relationship, "it is immaterial whether the undertaking is in the form of a contract."

(citations omitted). Appellants' motion makes no other mention of any contractual relationship and has no evidence attached to it to support the contention that Ivy and Stephenson had contracts with any of the appellees.

In appellants' reply to Scherr's motion for summary judgment, the section entitled "Background Facts," states that "[n]one of the unnamed class members, some of whom had signed contracts with Defendants, received any of the settlement proceeds...." Attached to this reply are: (i) affidavits of Stephenson and Ivy in which each of them state that they signed a contract of employment for Scherr to represent them in the class action; and (ii) a letter from Scherr's office acknowledging receipt of Ivy's executed contingency fee contract. However, the body of the reply does not otherwise mention any contractual relationship but addresses only Scherr's contention that appellants suffered no damage as a result of his actions.

Even under a liberal construction, the alleged agreements between Scherr and Ivy and Stephenson are mentioned in appellants' pleadings and summary judgment motion and responses, if at all, only in passing, and are not asserted as a basis for the attorney-client relationship upon which liability is claimed. Instead, appellants' sole basis for asserting liability against appellees, as reiterated in the quoted passage above, is appellees' actions in filing the class action on behalf of all potential class members, and that basis is asserted as being common to all appellants. Therefore, we find no merit in appellants' challenge to the summary judgment against the purported claims based on Ivy's and Stephenson's alleged contracts of representation with the appellees because no such claims were asserted. Accordingly, appellants' fourth point of error is overruled, we need not address Scherr's cross point of error, and the judgment of the trial court is affirmed.

HARRIET O'NEILL, Justice, dissenting.

Because I believe a fact issue exists as to whether Ivy and Stephenson had an attorney-client relationship with appellee Scherr based upon alleged contracts of representation, I respectfully dissent. Otherwise, I concur in the majority opinion.

## OPINION ON MOTION FOR REHEARING

RICHARD H. EDELMAN, Justice.

Appellants' motion for rehearing is overruled, and the following opinion is submitted to clarify the portion of the preceding majority opinion (the "opinion") addressing appellants' fourth point of error. That point argued that the summary judgment evidence raised a fact issue as to whether Ivy and Stephenson had an attorney-client relationship with Scherr based on executed contracts of representation.

█ As noted in the opinion, appellants' live pleading, the third amended plea in intervention, contains as its only basis for imposing a tort duty on Scherr the implied, non-contractual relationship allegedly created by appellees' actions in filing the class action on behalf of all potential class members. Because the plea does not allege a *contractual* relationship between any of the appellants and appellees, it does not support the existence of a tort duty based on a contractual attorney-client relationship. Therefore, Scherr had no burden as the summary judgment movant to negate the existence of

such a contractual relationship, and appellants' evidence could not raise a fact issue on that unpled theory of recovery.

Nor could the existence of a contractual relationship giving rise to a tort duty have been tried by consent based on appellants' replies to appellees' motions for summary judgment and their accompanying affidavits because that relationship was mentioned in each reply only in passing as an item of background information and not as a basis upon which liability was being asserted. Like the plea in intervention, each reply claimed liability based only on the implied, non-contractual relationship allegedly existing between *all* of the appellants and appellees.

O'NEILL, J., not participating.