Jervon L. HERBIN, Appellant,

v.

Janet C. HOEFFEL, et al., Appellees.

No. 04–CV–907.

District of Columbia Court of Appeals.

Submitted Sept. 15, 2005.

Decided Sept. 20, 2005 *.

Jervon L. Herbin, pro se.

* The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published, with minor alterations, at the request of appellees.

Blair G. Brown, Washington, DC, filed a brief for appellee Hoeffel.

David A. Handzo, Washington, DC, filed a brief for appellees The Public Defender Service for the District of Columbia and Ronald S. Sullivan, Jr.

Before FARRELL and REID, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

This case has been before us twice before. *See Herbin v. Hoeffel,* 727 A.2d 883 (D.C.1999) (*Herbin I*); *Herbin v. Hoeffel,* 806 A.2d 186 (D.C.2002) (*Herbin II*). At issue now is whether the trial court correctly granted summary judgment to the defendants Janet C. Hoeffel, the Public Defender Service for the District of Columbia (PDS), and Ronald S. Sullivan, Jr., in his capacity as then-Director of PDS. We affirm.

 As pertains to defendant Hoeffel, appellant's remaining claims, as set forth in his amended complaint, are essentially threefold: breach of fiduciary duty; legal malpractice, *i.e.,* negligence; and intentional infliction of emotional distress. *See Herbin II,* 806 A.2d at 193.[1] All are predi-cated on appellant's contention that he had an attorney-client relationship with Hoeffel during her employment at PDS, and that she breached that relationship by communicating attorney-client confidences to Virginia law enforcement authorities while so employed by PDS.[2] Accompanying her motion for summary judgment, however, Hoeffel presented evidence, amply supported by affidavits and other materials, that: PDS had not had an attorney-client relationship with appellant at any point during her tenure at PDS; Hoeffel herself had had only a personal relationship, and never an attorney-client relationship, with appellant; and the only information about appellant that Hoeffel shared with the Virginia authorities was information about him obtained in the context of a personal relationship. Thus, to survive summary judgment, appellant had to present facts that, if accepted by a jury, would establish that his communications with Hoeffel disclosed to the Virginia authorities were confidential because made in the context of an attorney-client relationship with Hoeffel. *See, e.g., Taylor v. Akin, Gump, Strauss, Hauer & Feld,* 859 A.2d 142, 147 (D.C. 2004) ("attorney has no duty to ... putative client in the absence of [an attorney-

---

1. Appellant's other claims—including spoliation of evidence and any arguable claim of civil conspiracy to convict him—were resolved against him as a matter of law by our decision in *Herbin II*. To the extent he may be claiming negligent infliction of emotional distress, that claim too fails as a matter of law. *See, e.g., Jane W. v. President & Dirs. of Georgetown Coll.,* 863 A.2d 821, 826 (D.C. 2004).

2. As we stated in *Herbin II:*

 Appellant's [initial] complaint did not mention the substance of the information he claims Hoeffel disclosed, but suggests that it was confidential information derived from a lawyer-client relationship, and that it "enabled" a search warrant to be served on him. For present purposes we must assume that Hoeffel and PDS had a duty to appellant and breached the applicable standard of care when Hoeffel allegedly gave confidential client information to prosecutors in Virginia in 1996. *See* Rule 1.6 of the DISTRICT OF COLUMBIA RULES OF PROFESSIONAL CONDUCT; *In re Gonzalez,* 773 A.2d 1026, 1031–32 (D.C.2001); *Waldman v. Levine,* 544 A.2d 683, 690–91 (D.C.1988).... In light of the high value we place on a lawyer's duty of loyalty and to preserve client confidences, we are unwilling to state that the conduct alleged here, if true, is not "extreme and outrageous" as a matter of law, as actions which violate public policy may constitute outrageous conduct sufficient to state a cause of action for infliction of emotional distress.

 806 A.2d at 195–97 (footnotes and internal quotations omitted).

client] relationship"); *Egan v. McNamara*, 467 A.2d 733, 739 (D.C.1983) (no breach of fiduciary duty by attorney where his suit against former client did not use confidential information gained in the attorney-client relationship); *Suesbury v. Caceres*, 840 A.2d 1285, 1291 (D.C.2004) (since physician had no duty to avoid disclosure of information in question to another physician, claim of intentional infliction of emotional distress arising from the disclosure was not actionable).

However, as Hoeffel's brief well demonstrates, appellant failed to rebut Hoeffel's evidence that the disclosures to the Virginia authorities did not contain confidential information arising from an attorney-client relationship. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence ... will be insufficient [to overcome summary judgment]; there must be evidence on which the jury could reasonably find for the [non-moving party]."); *Musa v. Continental Ins. Co.*, 644 A.2d 999, 1002 (D.C. 1994) ("Mere conclusory allegations on the part of the non-moving party are insufficient to stave off the entry of summary judgment.").[3] Because appellant presented no admissible evidence, as distinct from conclusory assertions, that Hoeffel had obtained the disclosed information in an attorney-client relationship, Hoeffel had no duty to preserve the confidentiality of the information and was free to disclose it (including threats to the personal safety of herself and others) to the Virginia authorities. And because she thus violated no duty owed to appellant, the trial court properly granted summary judgment to Hoeffel.

■ Similarly, the grant of summary judgment to PDS and Sullivan was proper. As to them, appellant alleged liability based on (a) *respondeat superior* and (b) PDS's alleged failure to train and supervise Hoeffel. Even assuming, contrary to our conclusion above, that Hoeffel's disclosures to the Virginia authorities were somehow tortious, PDS and Sullivan could not be liable on a *respondeat superior* theory unless Hoeffel's actions as a PDS employee were within the scope of her employment, i.e., were " 'actuated,' at least in part, by a purpose to further the employer's business." *Guzel v. Kuwait*, 818 F.Supp. 6, 10 (D.D.C.1993); *see also Wadley v. Aspillaga*, 209 F.Supp.2d 119, 121 (D.D.C.2002). Appellant presented no evidence that Hoeffel's communications with the Virginia authorities were animated in any way by a purpose to further the business of PDS. (Indeed, appellant asserted during discovery that Hoeffel had acted from a purely personal motive "to inflict revenge upon [him], because she was a disgruntle[d] [former] lover of [his] and because of a sour relationship."). Nor did appellant present evidence—as distinct from conclusory assertions—that Hoeffel's alleged tortious acts were foreseeable to PDS. *See Guzel*, 818 F.Supp. at 10. A tort is foreseeable if it is "a direct outgrowth of the employee's instructions or job assignments ...." *Penn Cent. Transp. Co. v. Reddick*, 398 A.2d 27, 32 (D.C.1979). Appellant presented no evidence sufficient to create a triable issue on whether PDS had "instructed" or "assigned" Hoeffel to represent him in any matter at all, or knew of

---

3. Specifically, Rule 1.6 (see note 2, *supra*) generally prohibits a lawyer from "reveal[ing] a confidence or secret of the lawyer's client." Hoeffel's brief demonstrates, as a matter of law, that nothing she disclosed to the Virginia authorities was a "confidence" because nothing disclosed was protected by the attorney-client privilege, and that nothing disclosed was a "secret" because the information disclosed was not gained in the professional relationship. *See* Rule 1.6(b) (defining "confidence" and "secret").

any such representation she had undertaken.

Likewise, appellant presented no evidence sufficient to avoid summary judgment on whether PDS "knew or should have known that [Hoeffel] behaved in a dangerous or otherwise incompetent manner" or that, "armed with that ... knowledge, [it] failed to adequately supervise the employee." *Giles v. Shell Oil Corp.,* 487 A.2d 610, 613 (D.C.1985).

*Affirmed.*