DECISION
Advantage Glass Company is a contractor on the Royal Mills Cotton Shed, a construction project in West Warwick. Advantage Glass asserts that it is due money under a contract for work that it had already performed. Advantage Glass claims the amount due is $139,120.76, and it seeks summary judgment for that amount.[1]
Struever Bros. Eccles and Rouse, Inc. ("SBER") is the contractor for the construction. The real estate is owned by Royal Mills Cotton Shed LLC. SBER does not dispute whether the work was done or whether the debt was incurred, it only disputes whether the debt is now payable, given the "pay when paid" clause in the contract which states:
 "SECOND: PAYMENT. (a) The Contractor shall pay to the Subcontractor the sums set forth on Exhibit A as the Work is performed subject to and conditioned upon the Contractor's receipt for payment for the work from the Owner. . . . (b) It is specifically understood and agreed that the payment to the Subcontractor is dependent, as a condition precedent, upon the Contractor receiving contract payments, including retainage, from the Owner. . . ." (Subcontract Agreement attached to Affidavit of Michael Delsesto.) *Page 2 
Advantage Glass disputes the enforceability of such a clause claiming that a `pay-when-paid' clause violates public policy. Advantage Glass claims that such a clause creates an unfair bargaining position, particularly where the owner and contractor are closely related. Advantage Glass also asserts that the defense was not raised in the pleadings. Superior Court Rule of Civil Procedure Rule 9(c) requires that conditions precedent be specifically pled:
 "9. Pleading special matters. — (a) . . .
 (c) conditions precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."
The purpose of pleading is to fairly apprise the adverse party of the issues before the court. Claims cannot be adjudicated without appropriate notice to the adverse party. See Catucci v.Pacheco, 886 A.2d 509, 515. While the court rules have strayed from the requirement of strict notice pleading, Rule 9(c) is a clear exception, that a condition precedent must be pled specifically.
As our high court stated "to raise the [condition precedent] issue they were first required to plead it specifically, according to Rule 9(c) of the Superior Court Rules of Civil Procedure . . . failure to specially plead the matter of conditions precedent would still constitute a waiver." Marcotte v. Harrison,443 A.2d 1225, 1230 (R.I. 1982).[2]
As the affirmative defense was not pled as required, it was waived. There is no question of fact, and the debt is clearly otherwise due. Accordingly, Advantage Glass's motion for summary judgment is granted for $l39,120.76 plus pre-judgment interest from March 25, 2009, post judgment interest and costs.
[1] Unlike numerous other suits involving the Royal Mills construction projects, this summary judgment does not involve a mechanic's lien claim.
[2] The condition precedent in Marcotte was similar to the case at bar. Payment in the Marcotte contract was dependent upon receipt of insurance proceeds.